# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-596V
Filed: June 30, 2016
UNPUBLISHED

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
LEAH MIMS, as mother and natural      *
guardian of minor, J.M., and          *
DONELLE MIMS, as father and natural   *
guardian of minor, J.M.               *
                                      *
                                      *   Damages Based on Proffer;
v.                                    *   Measles, Mumps, Rubella, Varicella
              Petitioners,            *   ("MMRV") Vaccination; Table Injury;
                                      *   Anaphylaxis; Anaphylactic Shock;
SECRETARY OF HEALTH                   *   Special Processing Unit ("SPU")
AND HUMAN SERVICES,                   *
                                      *
              Respondent.             *
                                      *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Jeffrey S. Pop, Jeffrey S. Pop, Attorney at Law, Beverly Hills, CA, for petitioner.*
*Darryl R. Wishard, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On May 19, 2016, Leah Mims and Donelle Mims ("petitioners") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program"). Petitioners "request compensation for the death of their minor son J.M., who received Measles-Mumps-Rubella, Varicella, and Influenza vaccinations on October 19, 2015." Petition at 1 (citations omitted). Petitioners allege "[w]ithin minutes of administration of the above stated vaccinations, J.M. suffered from an anaphylactic shock and shortly thereafter passed away." *Id.* Claiming J.M. suffered an injury listed on the Vaccine Injury Table

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

within the time frame specified, petitioners assert a "Table injury" claim.  *Id.* at 1, ¶ 17; *see* 42 C.F.R. § 100.3(a)(III)(A) (2015) (listing the Table injury of anaphylaxis or anaphylactic shock within four hours of receiving any component of the measles, mumps, and rubella vaccine).  In the alternative, petitioners allege J.M. suffered an injury which was caused-in-fact by the measles, mumps, rubella, varicella ("MMRV") and/or influenza vaccinations he received.  Petition at 1, ¶ 18.  Petitioners further allege neither they nor any other party has ever filed a lawsuit or received compensation for the vaccine related death of their son.  *Id.* at ¶¶ 19-20.  The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 29, 2016, respondent filed a joint Rule 4(c) report and proffer in which she concedes that petitioners are entitled to compensation in this case.  Respondent's Rule 4(c) Report and Proffer at 1-2 (ECF No. 13).  On June 30, 2016, the undersigned issued a ruling on entitlement, finding petitioners entitled to compensation.  (ECF No. 14).

In her June 29, 2016 Rule 4(c) Report and Proffer, respondent included a proffer on award of compensation, stating the estate of J.M. should be awarded $255,000.00.  Respondent's Rule 4(c) Report and Proffer at 6.  "Respondent recommends compensation be awarded via a lump sum payment of $255,000.00, in the form of a check payable to petitioners, as legal representatives of the estate of JM."  *Id.*  Respondent indicates she "will require petitioners to provide documentation establishing their appointment as legal representatives of the estate of JM" (*id.*) before payment on the subsequent judgment can be made (*id.* at 6 n.1).  Respondent adds that "[i]f petitioners are not authorized by a court of competent jurisdiction to serve as legal representatives of the estate of JM, then such payment on any judgment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of the estate of JM."  *Id.*  Respondent represents that petitioner agrees with the proffered award.  *Id.* at 6.  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Respondent's Rule 4(c) Report and Proffer.

Pursuant to the terms stated in the Respondent's Rule 4(c) Report and Proffer,[3] **the undersigned awards petitioner a lump sum payment of $<u>255,000.00</u> in the form of a check payable to petitioners, Leah Mims and Donelle Mims, as legal representatives of the estate of JM, provided they have produced documentation establishing their appointment as legal representatives of the estate of JM.  If another party or parties are appointed as legal representative(s) of the estate of JM by a court of competent jurisdiction, the check shall be made payable to the party or parties so appointed as legal representatives of the estate of JM.**  This amount represents compensation for all damages that would be available under § 300aa-15(a).

---

[3] Because Respondent's Rule 4(c) Report and Proffer contains detailed medical information, it will not be attached to this decision.

2

3

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.