# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 16-596V
### Filed: October 21, 2016
UNPUBLISHED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| LEAH MIMS, as mother and natural guardian of minor, J.M., and DONELLE MIMS, as father and natural guardian of minor, J.M. | \* \* \* \* \* | |
| Petitioners, | \* | Attorneys' Fees and Costs; |
| v. | \* | Special Processing Unit ("SPU") |
| | \* | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | \* \* \* | |
| Respondent. | \* \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Jeffrey S. Pop, Jeffrey S. Pop, Attorney at Law, Beverly Hills, CA, for petitioner.*
*Darryl R. Wishard, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On May 19, 2016, Leah Mims and Donelle Mims ("petitioners") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program"). Petitioners "request[ed] compensation for the death of their minor son J.M., who received Measles-Mumps-Rubella, Varicella, and Influenza vaccinations on October 19, 2015." Petition at 1 (citations omitted). Petitioners alleged "[w]ithin minutes of administration of the above stated vaccinations, J.M. suffered from an anaphylactic shock and shortly thereafter

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

passed away." *Id.* Claiming J.M. suffered an injury listed on the Vaccine Injury Table within the time frame specified, petitioners asserted a "Table injury" claim. *Id.* at 1, ¶ 17; *see* 42 C.F.R. § 100.3(a)(III)(A) (2015) (listing the Table injury of anaphylaxis or anaphylactic shock within four hours of receiving any component of the measles, mumps, and rubella vaccine). In the alternative, petitioners alleged J.M. suffered an injury which was caused-in-fact by the measles, mumps, rubella, varicella ("MMRV") and/or influenza vaccinations he received. Petition at 1, ¶ 18. On June 30, 2016, the undersigned issued a decision awarding compensation to petitioners based on respondent's proffer to which petitioners agreed. (ECF No. 15).

On September 30, 2016, petitioners filed a motion for attorneys' fees and costs. Petitioner requests attorneys' fees in the amount of **$10,894.00** and attorneys' costs in the amount of **$3,584.17** for a total amount of **$14,478.17**. Petitioner's Motion for Attorneys' Fees and Costs ("Pet. Motion") (ECF No. 22). The total costs include $2,284.00 paid by petitioner's counsel, Mr. Pop, to the Meyring Law Firm to file a probate petition and obtain petitioners' appointment. *Id.* at 1; *see also* Costs Advanced, filed as 3rd Attachment to Pet. Motion at 2, 20-25 (ECF No. 22). In compliance with General Order #9, petitioners have filed a signed statement indicating they incurred no out-of-pocket expenses. *See* General Order #9 Statement, filed as 4th Attachment to Pet. Motion (ECF No. 22).

On October 19 and 20, 2016, the parties informed the OSM staff attorney managing this SPU case by email correspondence that respondent did not oppose the amount requested by petitioner. (Informal Remark, dated October 21, 2016).

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards $10,894.00 in attorneys' fees and $3,584.17 in attorneys' costs for a total award of $14,478.17[3] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Jeffrey S. Pop.**

The clerk of the court shall enter judgment in accordance herewith.[4]

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

**<u>s/Nora Beth Dorsey</u>**
Nora Beth Dorsey
Chief Special Master